UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

JOSEPH J. MENDINGHALL, JR.,

                            Debtor.

-------------------------------------------------------X

JOSEPH J. MENDINGHALL, JR.,

                  Plaintiff-Appellant,

      v.

CITY OF MIDDLETOWN, *et al.*,

                Defendants-Appellees.

No. 25-CV-4898 (KMK)

<u>OPINION & ORDER</u>

Appearances:

Tanya P. Dwyer, Esq.
Legal Services of the Hudson Valley
Peekskill, NY
*Counsel for Plaintiff-Appellant*

Carlos J. Cuevas, Esq.
Yonkers, NY
*Counsel for Defendant-Appellees Charles Tran Property LLC*

Nickolas J. Karavolas, Esq.
Phillips Lytle LLP
New York, NY
*Counsel for Defendant-Appellee Cheswold (TL), LLC*

KENNETH M. KARAS, United States District Judge:

Joseph J. Mendinghall, Jr. ("Appellant") appeals from an order (the "Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on April 10, 2025, granting Appellees' motion to dismiss Appellant's First Amended Complaint in the underlying adversary proceeding in Bankruptcy Court. Before the Court is Appellee Tran Property LLC's ("Tran") and Cheswold (TL), LLC's ("Cheswold") (collectively "Appellees")[1] Motion To Dismiss for lack of appellate jurisdiction ("Motion"). For the reasons set forth below, the Motion is granted.

I.  Background

A.  Factual Background

On August 7, 2024, Appellant commenced an adversary proceeding against Appellees in Bankruptcy Court. (Decl. of Tanya Dwyer, Esq. in Opp. to the Mot. To Dismiss ("Dwyer Decl.") ¶ 3 (Dkt. No. 29).) On September 30, 2024, Appellant filed an amended complaint in the Bankruptcy Court proceeding. (*Id.* ¶ 4.) Thereafter, Tran moved to dismiss Appellant's amended complaint. (*Id.* ¶ 5.)

On April 10, 2025, the Honorable Kyu Y. Paek ("Judge Paek") held a hearing and dismissed Appellant's amended complaint. (*Id.* ¶ 6; Appellee's Mot. To Dismiss, Ex. B ("Trans.") 8:9–11 (Dkt. No. 16-2).)[2] In evaluating Appellant's amended complaint's five causes of action, Judge Paek grouped the first four causes of action together as "constitutional claims"

---

[1] Appellant's underlying Bankruptcy Court action also names the City of Middletown ("Middletown") as a Defendant. However, Middletown has not yet entered an appearance, joined Appellees' Motion, or otherwise participated in the instant appeal. (*See generally* Dkt.)

[2] References to "Trans." are to the transcript of the proceedings in the bankruptcy court on April 10, 2025.

and explained the fifth cause of action actually contained four separate Bankruptcy Code-based claims, including a claim for fraudulent transfer.  (Trans. at 12:22–13:8, 15:16–17.)  Judge Paek dismissed the constitutional claims as barred by res judicata based on underlying state court proceedings, (*id.* at 13:17–15:17), and he dismissed the Bankruptcy Code-based claims for failure to state a claim, (*id.* at 17:3–19:18).  However, Judge Paek granted Appellant "one final opportunity to file a further amended complaint containing a constructive fraudulent transfer claim[,]" which Appellant had requested during oral argument.  (*Id.* at 21:1–14.)

On April 15, 2025, the Bankruptcy Court entered an order dismissing Appellant's amended complaint (the "Order") but did not dismiss the adversary proceeding in its entirety. (Dwyer Decl. ¶ 7.)  On April 29, 2025, Appellant filed a Notice of Appeal of the Order. (*Id.* ¶ 10.)  In his Statement of Issues to be resolved in appeal, Appellant claimed only that the "Bankruptcy Court erred in finding that all the Constitutional claims raised in his Adversary Proceeding Complaint were barred by the doctrine of res judicata."  (Appellant's Designation of Record and Statement of Issues on Appeal from Bankruptcy Court 2 (Dkt. No. 2).)  All five of the stated issues address the Bankruptcy Court's dismissal of Appellant's Constitutional claims. (*Id.* at 2–3)  The Statement of Issues on Appeal does not address the dismissal without prejudice of the fraudulent conveyance claim.

On May 9, 2025, Appellant filed a second amended complaint in the adversary bankruptcy proceeding.  (Dwyer Decl. ¶ 11.)  To date, Appellant's second amended complaint remains pending in Bankruptcy Court.  (*Id.* ¶ 6.)

B.  Procedural Background

On June 11, 2025, this Court received notice of Appellant's appeal from Bankruptcy Court and the designation of record on appeal.  (*See* Not. of Appeal from Bankr. Ct. to the

S.D.N.Y. ("Not. of Appeal") (Dkt. No. 1); Designation of Bankr. Record on Appeal (Dkt. No. 2); Counter Designation of Bankr. Record on Appeal (Dkt. No. 3).)

On June 13, 2025, Tran filed a pre-motion letter in anticipation of filing the instant Motion to Dismiss for lack of appellate jurisdiction. (Letter from Appellee to Court (Jun. 13, 2025) (Dkt. No. 6).) On June 20, 2025, Appellant filed a response in opposition to Tran's Letter. (Letter from Appellant to Court (Jun. 20, 2025) (Dkt. No. 9).) On June 25, 2025, the Court set a briefing schedule in lieu of holding a pre-motion conference. (*See* Mot. Scheduling Order (Dkt. No. 11).) On July 11, 2025, Appellant filed his brief in the instant appeal. (Appellant's Br. (Dkt. No. 12).)

On July 14, 2025, Tran filed a letter with the Court requesting the deadline to file Appellee's brief in the appeal be adjourned pending the Court's determination on Tran's Motion To Dismiss, (Letter from Appellant to Court (Jul. 13, 2025) (Dkt. No. 13)), which the Court granted, (Memo Endorsement (Jul. 14, 2025) (Dkt. No. 14).)

On July 17, 2025, Tran filed its Motion To Dismiss for lack of appellate jurisdiction. (Mot. to Dismiss for Lack of Jurisdiction (Dkt. No. 16); (Mem. of Law in Supp. of Mot. to Dismiss ("Appellees' Mem.") (Dkt. No. 17).) On July 18, 2025, Appellee Cheswold joined Tran's Motion To Dismiss. (Joinder of Cheswold (TL), LLC to Charles Tran Property LLC's Mot. To Dismiss (Dkt. No. 23).)

On August 25, 2025, Appellant filed his opposition to Appellees' Motion To Dismiss and a cross motion for extension of time to amend his brief pending the Court's decision in the Motion To Dismiss. (Appellant's Cross Motion for Extension of Time To Amend; Appellant's Brief and in Opp. to Mot. To Dismiss (Dkt. No. 27); (Appellant's Mem. of Law in Opp. ("Appellant's Mem.") (Dkt. No. 28); Dwyer Decl.) On August 27, 2025, Tran filed its Reply.

4

(Reply Aff'n of Carlos J. Cuevas in Opp. to Cross Mot. for Extension of Time To Amend ("Cuevas Reply Aff'n") (Dkt. No. 30); Reply Mem. of Law in Supp. of Mot. To Dismiss ("Appellees' Reply Mem.") (Dkt. No. 31).)

## II.  Discussion

The Court begins, as it must, with Appellees' claim that the Court lacks jurisdiction to review the appeal.  *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . .").  Appellees argue this Court lacks appellate jurisdiction to review the Bankruptcy Court's decision on Appellant's amended complaint because it is not a final order pursuant to 28 U.S.C. § 158(a), which governs federal district courts' jurisdiction to hear appeals from bankruptcy courts.  (*See* Appellees' Mem. 1); *see also* 28 U.S.C. § 158(a) (outlining when district courts can hear bankruptcy appeals).  Appellant contends the Bankruptcy Court's order is final as to his constitutional claims because they were dismissed with prejudice. (Appellant's Mem. 5.)

Pursuant to 28 U.S.C. § 158, district courts have jurisdiction "to hear appeals from final judgments, orders, and decrees" issued by bankruptcy courts.  *See In re Delaney,* 110 F.4th 565, 567 (2d Cir. 2024) (noting that bankruptcy "appeals are governed for the most part by [28 U.S.C.] § 158.").  Outside of the bankruptcy context, an order is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs,* 571 U.S. 177, 183 (2014); *see also Henrietti D. v. Guiliani,* 246 F.3d 176, 180 (2d Cir. 2001) (same).  In general, an order dismissing a complaint with leave to amend is not a final, appealable order.  *See Ruiz v. United States*, No. 23-CV-7421, 2024 Wl 315005, at *1 (S.D.N.Y. June 24, 2024) (noting the

"[p]laintiff appeals from this [c]ourt's order of dismissal with leave to replead" but "such an order is not a final order" and therefore not appealable (citation omitted)); *Spinelli v. Nat'l Football League*, No. 13-CV-7398, 2015 WL 4869898, at *2 (S.D.N.Y. Aug. 13, 2015) ("It is well established in this Circuit that a district court's order dismissing a complaint with leave to replead is not final and therefore not appealable." (citation and quotation marks omitted)); *accord Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable.").

In the bankruptcy context, "the concept of 'finality' is more flexible . . . than in ordinary civil litigation." *In re Flor*, 79 F.3d 281, 283 (2d Cir.1996) (citation omitted). "[F]or a bankruptcy court order to be final . . . it must completely resolve all of the issues pertaining to a discrete claim . . . ." *In re Fugazy Express Inc.*, 982 F.2d 769, 776 (2d Cir.1992); *see also In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990) ("Orders in bankruptcy cases may be immediately appealed if they resolve discrete disputes within the larger case."). The Second Circuit has noted, for example, that "[t]he disposition of a discrete dispute is generally considered to be the resolution of an adversary proceeding within the bankruptcy action." *In re Chateaugay Corp.*, 922 F.2d at 90 (citations omitted). The Second Circuit has also held that a dismissal of a bankruptcy petition is not a final order for purposes of Section 158. *See In re Delaney,* 110 F.4th at 568 ("The bankruptcy court's order denying Delaney's motion to dismiss his petition is nonfinal because it did not 'finally dispose of [a] discrete dispute[] within the larger bankruptcy case.") (quoting *In re Penn Traffic Co.,* 466 F.3d 75, 77–78 (2d Cir. 2006) (alteration in original)). However, while there is a more flexible approach to finality in the bankruptcy realm, a district court's order in a bankruptcy appeal is not final if it merely

"remands for significant further proceedings in bankruptcy courts." *In re Décor Holdings, Inc.,* 86 F.4th 1021, 1024 (2d Cir. 2023).

Here, the threshold question in determining this Court's jurisdiction to entertain the appeal is whether the Bankruptcy Court's Order partially dismissing the complaint in the adversarial proceeding fully resolved a "discrete dispute" in the underlying bankruptcy case. Appellant claims the order partially dismissing the complaint did, in fact, resolve a "discrete dispute" because the constitutional claims, which were dismissed with prejudice, are distinct from the fraudulent conveyance claim. (*See* Appellant's Mem. 5.)

The Court is unpersuaded. "Bankruptcy cases are often a conglomeration of multiple discrete disputes that 'but for the status of the bankrupt party . . . would be separate, stand-alone lawsuits.'" *Kiviti v. Bhatt,* 80 F.4th 520, 529 (4th Cir. 2023) (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 166 (7th Cir. 1992)). Thus, courts will consider appeals of "an order that 'definitively' disposes of one of these discrete disputes 'final,' and allow a party to immediately appeal it, even if it does not dispose of the broader bankruptcy case." *Id.* To determine whether a bankruptcy court order is final, a district court should first ascertain the nature and scope of the bankruptcy proceeding—that is, the "discrete dispute" that was litigated and resolved in the bankruptcy court. *Id.; see also Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 589 U.S. 35, 42 (2020) ("The appropriate procedural unit for determining finality . . . is not a plan proposal, it is 'the process of attempting to arrive at an approved plan.'") (quoting *Bullard v. Blue Hills Bank,* 575 U.S. 496, 502 (2015)).

"The appropriate procedural unit for determining finality here is the adversary proceeding," *Kiviti*, 80 F.4th at 529, because this appeal is of an order partially dismissing with prejudice the complaint in an adversary proceeding. Adversary proceedings are "discrete

disputes" that are "cabined off from the main bankruptcy case by their own complaint, filing fee, motions, subset of parties, docket numbers, and judgment." *Id.; see also In re Teknek, LLC*, 512 F.3d 342, 345 (7th Cir. 2007) ("Adversary proceedings . . . are conceptually distinct from core matters such as locating the debtor's existing assets and approving plans for reorganization . . . . For the purpose of appellate jurisdiction, we treat adversary proceedings as if they were separate suits."); *In re Boca Arena, Inc.,* 184 F.3d 1285, 1286 (11th Cir. 1999) (noting that "adversary proceedings generally are viewed as 'stand-alone lawsuits'"); *In re Food Mgmt., LLC,* 484 B.R. 574, 580 (S.D.N.Y. 2012) (noting that "courts traditionally treat adversarial proceedings as separate litigation units for jurisdictional purposes"); *In re Ayre,* 360 B.R. 880, 884–85 (C.D. Ill. 2007) ("An adversary proceeding is essential a separate civil proceeding within the bankruptcy proceeding. The complaining party files a separate complaint, pays a separate filing fee, and serves the named defendants with summonses and the adversary complaint. The adversary complaint is given a separate docket number . . . [and] [t]he proceeding results in a separate judgment entered in the adversary proceeding in favor of the prevailing party."). Thus, in the bankruptcy context, "an order ending the litigation on the merits in an adversary proceeding is immediately appealable even when the umbrella bankruptcy case remains pending." *Kiviti*, 80 F.4th at 529 (citations and internal quotations omitted). However, "an order only *partially* ending the adversary proceeding is not" appealable. *Id.* (emphasis added); *see also Figerora v. Wells Fargo Bank N. Am.,* 382 B.R. 814, 821 (S.D. Fla. 2007) (noting that "the majority of the circuit courts . . . 'have ruled that, despite the more lenient standards of finality in bankruptcy, any order granting partial disposition of an adversary proceeding is not final . . . .'") (quoting *Dwyer v. Cohn (In re Dwyer)*, 244 B.R. 426, 429 (B.A.P 8th Cir. 2000)); 1 Collier on Bankruptcy ¶ 5.08[5] (16th ed. 2023) ("[O]nce one identifies the adversary proceeding . . . that is

8

a separate judicial unit for purposes of determining finality, it becomes clear that orders entered during the course of that proceeding that leave the merits to be determined are interlocutory.").

Appellant attempts to slalom around this flag, by arguing that order dismissing the constitutional claims with prejudice is a final, appealable order, because it involves a "discrete dispute" that is separate from the putative fraudulent conveyance claim. (Appellant's Mem. 5.) "Put simply, "the 'discrete dispute' is the adversary proceeding itself, not a particular claim within that proceeding." *Kiviti*, 80 F.4th at 530 (quoting *Ayers v. U.S. Dep't of Def.*, 819 F. App'x 180, 181 (4th Cir. 2020) (summary order)); *see also In re Chateaugay Corp.*, 922 F.2d at 90 ("In the action now before us, the discrete dispute is the adversary proceeding commenced by LTV in 1988 consisting of two claims."). Thus, as is the case here, "an order dismissing only [some claims] in a multi-claim adversary proceeding does not amount to a final order." *Kiviti,* 80 F.4th at 530; *see also In re Chateaugay Corp.*, 922 F.2d at 90 ("The bankruptcy court's orders granting partial summary judgment did not resolve the discrete dispute, but instead disposed of only one of the pending claims."); *Geneva Life Care Ctr., LLC v. Geneva Vill. Ret. Cmty., Ltd.,* No. 24-CV-1914, 2024 WL 5247831, at *2 (N.D. Ohio Dec. 30, 2024) (noting that courts have defined a "discrete dispute" for appealability purposes as the adversary proceeding as a whole, not individual claims within such a proceeding). Thus, because the order partially dismissing the claims in the adversary proceeding is not a final order, the Court concludes that it lacks jurisdiction to consider this appeal.[3]

---

[3] Because this Court lacks jurisdiction to hear Appellant's appeal, Appellant's cross motion for an extension of time to amend his brief is moot and the Court need not consider it. *See Shorts v. Cedars Bus. Servs., LLC*, 767 F. Supp. 3d 96, 102 (S.D.N.Y. 2025) ("If the [c]ourt does not have jurisdiction, it does not have the power to decide [a party's] motion." (citations omitted)).

### III.  Conclusion

For the reasons set forth above, Appellees' Motion to Dismiss is granted.  The Clerk of the Court is respectfully directed to terminate the pending Motions at Dkt. Nos. 16 and 27 and to close the case.

SO ORDERED.

Dated:    March 31, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge